## SARAH L. LASATER, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, November 4, 1913.**

1. **RAILROADS: Interstate Commerce: State Regulations Affecting Operation of Mail Train: Evidence.** A State has power to make and enforce reasonable regulations affecting the operation of mail trains and other trains engaged in interstate commerce, designed to secure the safety and comfort of passengers, employees, persons crossing the tracks, etc., where they do not directly conflict with regulations prescribed by Congress respecting the movement of such trains; and hence, in an action for the death of a railway postal clerk, caused by the derailment of a train devoted exclusively to the carriage of United States mail, evidence as to a city ordinance regulating the speed of trains within its limits was competent.

2. **DEATH BY WRONGFUL ACT: Section 5425: Persons Within Statute: Mail Clerks.** A railway mail clerk is a "passenger," within Sec. 5425, R. S. 1909, giving a right of action for the death of a passenger caused by the negligent operation of railroad trains.

3. ———: ———: **Measure of Damages: Limiting Recovery of Penalty.** In an action against a railroad company for wrongful death, under Sec. 5425, R. S. 1909, an instruction requested by defendant, that if the jury found for plaintiff they should not allow her any sum "as a penalty" exceeding $2,000, was erroneously refused, since the recovery, under that section, is penal up to the sum of $2,000 and compensatory to the extent that plaintiff

may recover above that amount, up to $10,000: following Boyd
v. R. R., 249 Mo. 110.

    *Held*, by REYNOLDS, P. J., dissenting, that, under the Boyd case,
        *supra*, the instruction was properly refused, since the statute
        does not fix $2,000 as the limit of the penalty to be imposed.

4. ———: ———: ———: ———. In an action against a rail-
road company for wrongful death, under Sec. 5425, R. S. 1909,
the refusal of an instruction requested by defendant, that if
the jury found for plaintiff, they should not allow her any sum
"as a penalty" exceeding $2,000, was not justifiable on the
ground it would have been misleading to the jury, where the
court, by an instruction given on behalf of plaintiff, charged
that, if the jury found for plaintiff, they should return a ver-
dict in the sum of not less than $2,000, and not more than
$10,000, in their discretion, and told them what things they
might take into consideration in arriving at the amount of the
verdict.

    *Held*, by REYNOLDS, P. J., dissenting, that the instruction was
        properly refused as misleading and as calculated to convey
        the idea to the jury that the recovery was limited to $2,000.

5. **APPELLATE PRACTICE:** Supreme Court: Controlling
Decisions. Under the Constitution the Courts of Appeals are
bound by the last controlling decision of the Supreme Court.

6. ———: Erroneous Instruction on Measure of Damages: Re-
view. An erroneous Instruction on the measure of damages is
reviewable, on appeal by defendant, although defendant did
not assign excessiveness of the verdict as one of the grounds
of his motion for a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo
Muench,* Judge.

REVERSED AND REMANDED. CAUSE CERTIFIED TO SU-
PREME COURT.

*James F. Green* for appellant.

    (1) The ordinance read in evidence was inopera-
tive and void as to trains used exclusively for the
carrying of the United States mails, and plaintiff's
instructions based on said ordinance were therefore
erroneous. Railroad v. Illinois, 163 U. S. 154; State
v. Railroad, 212 Mo. 681. (2) The court erred in re-
fusing to give defendant's instruction No. five on the

measure of damages. Boyd v. Railroad, decided
March 28, 1913, not yet reported. Casey v. Railroad,
116 Mo. App. 235; King v. Railroad, 98 Mo. 235. (3)
Plaintiff's instruction No. three is erroneous in author-
izing the jury to award compensation for loss of sup-
port to plaintiff and her minor child, as there was no
evidence with reference to her husband's earning ca-
pacity. Davidson v. Railroad, 211 Mo. 345; Palmer
v. Railroad, 142 Mo. App. 457; Smoot v. Kansas City,
194 Mo. 525; Radtke v. Box Company, 229 Mo. 21.

*A. R.* and *Howard Taylor* for respondent.

(1) The first contention presented by appellant is
that the trial court erred in admitting in evidence the
ordinance of the city of St. Louis, limiting the speed
of engines and cars propelled by steam power within
the city of St. Louis because, as contended, that ordi-
nance as applied to mail trains is inoperative and void.
This contention is untenable on the following grounds:
(a) While it might be within the power of Congress
to prescribe a regulation of the speed at which a mail
train should move, Congress has made no such reg-
ulation. It is a fundamental principle of this Govern-
ment that as to powers conferred on the Federal Gov-
ernment by the Constitution, until Congress or the
Federal Government does act, the State has the power
to make police laws on the subject to protect its citi-
zens. (b) The power of the State or the city under
authority from the State to make reasonable regula-
tions for the operations of trains carrying mail to
protect the lives and safety of its citizens has been at
all times upheld. Railroad v. Illinois, 163 U. S. 154;
Railroad v. Illinois, 177 U. S. 516; Railroad v. Mayes,
201 U. S. 328; State v. Railroad, 212 Mo. 680; State
v. Addington, 77 Mo. 116; Cooley on Constitutional
Limitations (3 Ed.), 581. (2) The courts of Mis-
souri since a very early period have held that mail

clerks, newsboys, porters of Pullman cars, etc., were passengers. Magoffin v. Railroad, 102 Mo. 543; Mellor v. Railroad, 105 Mo. 460; Jones v. Railroad, 125 Mo. 666; Graham v. Railroad, 66 Mo. 536; Tibbe v. Railroad, 82 Mo. 300; Carroll v. Railroad, 88 Mo. 239. (3) Our courts have held that ordinances of the city of St. Louis and other cities prescribing a rate of speed at six and ten miles an hour for railroads was not an unreasonable restriction of such trains. Merz v. Railroad, 88 Mo. 677; Dillon on Mun. Corp., sec. 713; Railroad v. Richmond, 96 U. S. 521; Grube v. Railroad, 98 Mo. 334-338; Bluedorn v. Railroad, 108 Mo. 445; Gratiot v. Railroad, 116 Mo. 467; Jackson v. Railroad, 157 Mo. 639. An ordinance need not be limited to public highways. Grube v. Railroad, 98 Mo. 338; Prewitt v. Railroad, 134 Mo. 626. (4) Appellant under his second point complains of the action of the court in refusing to give defendant's instruction number five on the measure of damages—as appellant entirely failed to complain of the verdict as excessive, in his motion for a new trial he has no standing in court to now complain of the verdict as excessive. Sec. 2081, R. S. 1909; Wiese v. Brown, 102 Mo. 304; Blantown v. Dold, 109 Mo. 69; State ex rel. v. Bank, 144 Mo. 386; McNichols v. Nelson, 45 Mo. App. 454; Turner v. Baker, 103 Mo. App. 397.

ALLEN, J.—This is an action under section 5425, Revised Statutes 1909, for the death of plaintiff's husband. The deceased was a railway postal clerk employed on one of defendant's trains running out of the city of St. Louis, and was killed by the train being derailed within the limits of said city and striking and colliding with a building. The cause was tried before the court and a jury, resulting in a verdict for plaintiff in the sum of $7500, and the defendant appeals to this court.

It is unnecessary to review the evidence, for there is no contention that plaintiff did not make a case for the jury. The assignments of error before us pertain to the admitting in evidence of an ordinance of the city of St. Louis regulating the speed of trains within its limits, and alleged errors in the giving and refusing of instructions.

1.  The objection to the introduction of the ordinance in question was upon the ground that the city could not regulate the running of trains devoted solely to the carrying of United States mail.  The evidence disclosed that the train upon which deceased was riding at the time that he met his death was not a "passenger train," but one carrying mail cars only and devoted exclusively to the carriage of the United States mail.  Defendant's contention is, that the entire subject of the handling and transportation of the mails is one exclusively within the control of Congress, and that the latter cannot be hampered in the regulations designed to accomplish this object by mere police regulations of a city with respect to the operation of trains.

That this assignment of error is not well taken is quite apparent, and we shall not enter upon an extended discussion of the question involved.  That the State has the power to make and enforce reasonable regulations designed to secure the safety and comfort of passengers, employees, persons crossing railway tracks, etc., in the exercise of the police power of the State is beyond dispute.  [See Cleveland, etc., Ry. Co., v. Illinois, 177 U. S. 516; Houston, etc., R. R. Co., v. Mayes, 201 U. S. l. c. 328.]  Local laws of this character are undoubtedly valid as affecting the operation of mail or other trains engaged in interstate commerce when they do not directly conflict with regulations prescribed by Congress respecting the movements of such trains.  It may be that Congress has the power to pre-

scribe certain regulations with respect to the speed of mail trains, but if so, it does not appear that Congress has attempted to occupy this field; nor is any authority shown us for the proposition that such regulations by Congress would supersede local laws and regulations of the precise character above mentioned.

In this connection, there is some contention made by appellant that the deceased was not a passenger. And on this point we are referred to the cases of Price v. Railroad, 113 U. S. l. c. 218; Martin v. Railroad, 203 U. S. 284. These cases, however, arose in Pennsylvania and were controlled by a statute of that State and the decisions of the Supreme Court of Pennsylvania thereon holding a mail agent not to be a passenger within the terms of the statute. The Supreme Court of the United States held the statute in question to be valid, but that the application thereof presented no Federal question.

The decisions of the Supreme Court of our State are to the effect that a railway mail clerk is a passenger. [See Magoffin v. Mo. Pac. Ry. Co., 102 Mo. 540, 15 S. W. 76; Mellor v. Mo. Pac. Ry. Co., 105 Mo. 455, 16 S. W. 489.]

II. As to the alleged errors in the giving and refusing of instructions, we need to notice only the instructions pertaining to the measure of damages.

At the request of plaintiff, the court instructed the jury that, if they found for the plaintiff, they should return a verdict in a sum of not less than two thousand dollars and not more than ten thousand dollars, in the discretion of the jury. And that, in arriving at their verdict, the jury might take into consideration all the facts and circumstances in evidence attending the killing of plaintiff's husband; any pecuiary loss sustained by plaintiff by reason of the loss of the support of her husband and by reason of having to support a minor child of deceased during its minority.

The defendant, among other instructions, requested the court to give the following:

"The jury are further instructed that, if you should find the issues for the plaintiff, you should not allow her any sum as a penalty, in excess of the minimum amount fixed by law in case of injuries which result in the death of a person riding on a train, to-wit, the sum of two thousand dollars."

This instruction the court refused, and the appellant now insists that its refusal constituted reversible error.

This assignment of error is predicated upon the opinion of the Supreme Court, in banc, in Boyd v. Railroad Co., 249 Mo. 110, 155 S. W. 13, on the second appeal of that case. That opinion had not been rendered when this cause was tried below; and a careful examination thereof convinces us that this assignment of error must now be held to be well taken. In construing the statute, as amended in 1905, the Supreme Court pointedly holds that a recovery thereunder is penal up to the sum of two thousand dollars, and compensatory to the extent that the plaintiff may recover above that sum, saying:

"Upon a full consideration of this case in banc, we are convinced that it was the intention of the General Assembly by the amendment of 1905 to leave the provisions of section 5425, supra, penal in their nature, so far as said section fixes the amount of recovery at not less than $2000, but where a plaintiff, as in this case, seeks to recover under said section a larger sum than $2000, the jury or court in preparing itself to exersise a wise and just discretion should receive evidence of the age, condition of health, and earning capacity of the party killed, and the consequent loss to the plaintiff thereby, together with the facts and circumstances attending the killing, for which damages are sought to be recovered.

"In other words, a recovery under section 5425, Revised Statutes 1909, is penal up to the sum of $2000, but the extent to which a plaintiff may recover, if at all, in excess of $2000 under that section, is remedial and compensatory. . . . The cases of Young v. Railroad, 227 Mo. 307, 127 S. W. 19, and Boyd v. Railroad, 236 Mo. 54, 139 S. W. 561, in so far as they are in conflict with the foregoing interpretation of said section 5425, supra, are overruled."

A review of the earlier cases construing this statute would serve here no useful purpose. Under the Constitution, we are bound by the last controlling decision of the Supreme Court. The last decision of that court, to-wit, the opinion in the Boyd case on its second appeal, very clearly holds that the statute, as now in force, is penal only up to $2000. The court there held an instruction proper which authorized the jury to allow the plaintiff not less than $2000 and not more than $10,000, in the discretion of the jury, and that, in determining the amount of the verdict, the jury might take into consideration the facts constituting negligence on the part of the defendant causing the death and the pecuniary loss occasioned to the plaintiff thereby. No such instruction was offered in the case as was here offered by defendant and refused. Nevertheless, in view of the construction placed upon the act by the Supreme Court, it would appear that the defendant here was entitled to have the instruction in question given.

Learned counsel for respondent urge that this refused instruction, as it stands, would be misleading to the jury, and that the trial court committed no error in refusing it. This may well be true if the instruction stood alone; but the court instructed the jury that if they found for plaintiff they should return a verdict in a sum not less than $2000 and not more than $10,000 in the discretion of the jury, telling the jury what they might take into consideration in arriving at the amount

thereof. Defendant, by its refused instruction above
mentioned, sought to limit the effect of plaintiff's said
instruction by having the jury told that not more than
$2000 could be assessed *as a penalty* for the killing.
Under the Boyd case, supra, it would appear that the
defendant was entitled to have the jury so instructed.
It may be that such instruction would have had no ef-
fect whatsoever upon the jury in determining the
amount of its verdict. This is a matter of conjecture.
Defendant's right to have the jury so instructed, at its
request, would seem to inevitably follow from the rul-
ing of the Supreme Court above referred to. That
ruling is conclusive upon us, and it is not for us to
indicate what our views may be as to the·propriety
thereof.

Learned counsel for the respondent also insist
that the appellant ought not now to be heard to com-
plain of the action of the trial court in refusing the
instruction under consideration, for the reason that
appellant in its motion for a new trial nowhere com-
plained of the amount of the verdict as being exces-
sive. Or, in other words, respondent's counsel say
that appellant, by failing to complain in its motion
for a new trial that the verdict was excessive, admitted
that the verdict, however reached, was proper in
amount, and that, no matter what elements were con-
sidered by the jury in making up the same, the ver-
dict as found is conceded by appellant to be proper in
amount, and cannot be here attacked.

It is true that the appellant, in its motion for a
new trial, did not assail the verdict as being excessive.
However, appellant did move the court to set aside the
verdict and judgment and to grant appellant a new
trial for error, among other things, in refusing this
particular instruction, the refusal of which is now
urged upon us as constituting reversible error. We
are pointed to no authority for the proposition that
an appellant, who has properly saved his exceptions

to the giving or refusing of instructions on the measure of damages, must, in order to have the ruling of the trial court thereupon reviewed, go further, and complain below that the verdict induced by the giving or refusing of such instructions was excessive in amount. It is true, as respondent says, that the only effect of the refusal of this instruction which could be prejudicial to the appellant would be to enhance the amount of the verdict; and appellant has not, in terms, complained that the verdict is too large. However, appellant did complain of the action of the trial court in giving and refusing instructions on the measure of damages, which action must be regarded as having induced and influenced the amount of plaintiff's recovery, and which the appellant here assigns as error. It would therefore clearly appear that the action of the trial court in the premises is properly before us for review.

Aside from the refusal of defendant's instruction above set out, we perceive no error in the record. In fact, the case was well tried throughout below, in view of the fact that the last decision of the Supreme Court above referred to had not then been announced. That decision, however, must be regarded as the law of this case; and under it we feel compelled to hold that the trial court erred in refusing defendant's instruction above quoted. The judgment must, therefore, be reversed and the cause remanded. It is so ordered. *Nortoni, J.*, concurs. *Reynolds, P. J.*, dissents in a separate opinion, and deeming the decision herein contrary to the decision of the Supreme Court in Boyd v. Mo. Pac. Ry. Co., 249 Mo. 110, 155 S. W. 13, asks that the cause be certified to the Supreme Court for final determination; which is accordingly done.

## DISSENTING OPINION.

REYNOLDS, P. J.—I concur with my Brother ALLEN in everything he has said in this opinion, ex-

cept to that part of it which holds that it was reversible error to refuse the instruction asked by defendant as to the measure of damages, to-wit:

"The jury are further instructed that if you should find the issues for the plaintiff, you should not allow her any sum as a penalty, in excess of the minimum amount fixed by law in cases of injuries which result in the death of a person riding on a train, to-wit, the sum of two thousand dollars."

I think it would have been error to have given this as asked and without other explanation.

Even in connection with the instructions which the court gave at the instance of plaintiff as to the measure of damages, it strikes me that the tendency of this instruction would have been to mislead any ordinary jury and to convey to their minds the idea that the plaintiff was limited in her recovery to the sum of $2000. It is true that the instruction as asked sought to tell the jury it "should not allow her any sum as a *penalty,* in excess of the minimum amount fixed by law," etc. (italics mine), but I think the ordinary jury would be apt to construe that word "penalty," even with the instructions given at the instance of plaintiff before them, as a limitation upon the whole verdict. No court or lawyer would so construe it, but jurors are not lawyers, and a court is presumed to address them according to their understanding and not according to the niceties of professional, technical, use of language.

I find nothing in the decision of our Supreme Court in Boyd v. Missouri Pacific Ry. Co., 249 Mo. 110, 155 S. W. 13, referred to for convenience as the second Boyd case, the decision in the former appeal in the same case and under the same title being reported in 236 Mo. 54, 139 S. W. 561, which justifies the giving of the instruction asked by the defendant and refused by the court and to which refusal error is assigned here. Comparing the instruction given in the second

Boyd case with the instruction given in the case at bar, it appears that one is almost a literal copy of the other and our Supreme Court in that case held this instruction correct. While it is true that the court has said that the recovery under section 5425, Revised Statutes 1909, is penal up to the amount of $2000, there is not a suggestion in the opinion that the jury is to be instructed on any such line nor that no more than that amount can be recovered as a penalty. I cannot believe that it is intended by the decision in this second Boyd case to hold that there can be no recovery in excess of $2000 by way of penalty or as punitive damages. Any such holding would, it seems to me, be entirely at variance with all that is said by Judge Brown, who wrote the opinion and in which part of it all the members of the court concur, as to the inequality of the former statute, by which, regardless of the facts attendant upon the accident, the penalty was set at $5000. It cannot be that the lawmakers intended by the amendment to say that $2000 was the limit of the penalty even if the accident was the result of the most reckless and flagrant neglect on the part of a defendant. Most certainly they did not so say, nor fix any maximum other than $10,000. Nor can it be, if that is the meaning of the decision in the Boyd case, that the instruction there given as to the measure of damages and approved by all the court, an instruction almost word for word as given in the case at bar, was correct, for that instruction contains no suggestion whatsoever of any limitation of amount as for punitive damage or as a penalty, beyond that contained in the statute itself. The judgment in the second Boyd case was reversed solely on account of error in another instruction.

I therefore think that the judgment in the case before us should be affirmed.

Being of the opinion that the decision of the majority of the court reversing the judgment on the ground stated is in direct conflict with that of the Supreme Court in Boyd v. Mo. Pac. Ry. Co., supra, I most respectfully ask that this cause be certified to the Supreme Court.