LEONA E. JOHNSON, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, February 2, 1914.

1, NEGLIGENCE: Street Railways: Dismissal: Retraxit: Merits.
Plaintiff's motion to dismiss her case and an order thereon
dismissing it, there being no hearing of the merits and no
judgment of *retraxit*, is not a renunciation of the cause of
action by *retraxit* and the suit may be again instituted within
the time limited by the statute.

2., INSTRUCTION: Suddenly With Great Force: Jerk. Where a
ptition alleges that the deceased was thrown from the car
by a "jerk" and an instruction submitted "suddenly and with
great force," there is no practical difference and no reversible
error was committed.

Appeal from Jackson Circuit Court.—*Hon. Walter A.
Powell,* Judge.

AFFIRMED.

*John H. Lucas* and *L. T. Dryden* for appellant.

*Hugh K. Rea, Sam Sparrow* and *Bresnehan &
West* for respondent.

ELLISON, P. J.—Plaintiff's action is for dam-
ages on account of the death of her husband, caused
by alleged negligence of the defendant Street Car
Company. She recovered judgment in the trial court.

It appears that on the night of the 19th of May,
1909, at the corner of Twelfth and Mulberry streets in
Kansas City, Missouri, defendant was operating cable
cars on Twelfth street with "running boards" along
the length of the car and these were operated or used
as a step on or off the car by those desiring to take
passage or to alight. The negligence charged is that
the deceased attempted to get aboard a car at the point

named and after he stepped up on to the running board and before he had time to get into the car, or onto a seat, defendant's servants suddenly started the car with a sudden and violent jerk, which threw him upon the street and track where he was run over and almost instantly killed.

After the action was instituted, plaintiff filed the following motion: "Comes now the plaintiff in the above entitled cause and prays the court that said cause be dismissed." There was entered on this motion of the court record, the following: "Now on this day comes the plaintiff and filed dismissal of this suit, and it appearing to the court that the costs herein are paid, it is by the court ordered and adjudged that this cause, be, and the same is now dismissed."

The following is the part of the statute cited by defendant: ". . . And provided, that if any such action shall have been commenced within the time prescribed within this section, and the plaintiff therein take or suffer a nonsuit, . . . such plaintiff may commence a new action from time to time within one year after such nonsuit suffered."

Defendant now insists that plaintiff did not take a nonsuit as contemplated by the statute; that her motion amounted to a *retraxit,* as known in common law procedure and that, in consequence, she renounced not only her then pending suit, but also the cause of action itself. We think not. There was no judgment of *retraxit.* And the mere dismissal of a case without a trial on the merits, is not a renunciation of the cause of action and suit may be reinstituted within the time limited by statute. [Couch v. Harp, 201 Mo. 457; Meddis v. Wilson, 175 Mo. 126; Mason v. Railroad, 226 Mo. 212.]

The evidence was ample to support the verdict. Deceased had stepped on the running board near the rear end of the grip car while it was standing. Then it started with a jerk of such suddenness and violence

as to throw him partially between the grip and the other car and thence to the street and track.

Criticism of plaintiff's first instruction has no merit. There is an effort made to show that it sub-mitted whether the car started "suddenly" instead of "with a jerk" as charged in the petition. The in-struction reads "suddenly and with great force" and by reason thereof deceased was thrown, etc. In the connection used, the criticism makes a distinction where there is no practical difference.

No ground for interference has been shown and the judgment is affirmed. All concur.