HARRY TROLL, Public Administrator, in charge of Estate of JOHN DOYLE, Deceased, Appellant, v. LACLEDE GAS LIGHT COMPANY, Respondent.

**St. Louis Court of Appeals, April 7, 1914.**

1. **DEATH BY WRONGFUL ACT: Statutory Construction.** Secs. 5426 and 5427, R. S. 1909, giving a right of action to certain parties, where death from wrongful act, neglect or default would, if death had not ensued, have entitled the injured party to recover damages, are in derogation of the common law and must be strictly construed; and hence one seeking to maintain an action under them must both allege and prove such facts as would bring him strictly within their provisions.

2. **STATUTES: Construction.** A statute which is in derogation of the common law must be strictly construed.

3. **DEATH BY WRONGFUL ACT: Action by Administrator: Necessity of Showing Existence of Beneficiaries.** In order for an administrator to maintain an action, under Secs. 5426 and 5427, R. S. 1909, for the death of his decedent by wrongful act, neglect or default, it is necessary that his petition allege and his proof show the existence of some person or persons entitled, under the statute, to receive the damages sought to be recovered.

4. ———: ———: ———. The damages recoverable under Secs. 5426 and 5427, R. S. 1909, for death by wrongful act, neglect or default, are compensatory, although aggravating circumstances may be taken into consideration and punitive damages allowed, where willfulness, malice, recklessness, etc., is shown; and the amount recovered is not an asset of the decedent's estate, but belongs to the persons designated in the statute, and where the suit is brought by an administrator, he is a mere trustee to maintain the action for those entitled to the damages sought to be recovered.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Henderson & Becker* and *Glendy B. Arnold* for appellant.

It was not necessary, under our statute, for the plaintiff to allege or prove, in this case, that his decedent left surviving him any next of kin, who would be entitled to take the proceeds of the recovery under our laws of descent. Railroad v. Weber, 33 Kan. 543; Railroad v. Sweet, 45 Ill. 197; Chicago v. Scholten, 75 Ill. 468; Lehman v. Brookly, 29 Barb. 234; Quinn v. Moore, 15 N. Y. 432; Ihl v. Railroad, 47 N. Y. 317; Gorham v. Railroad, 23 Hun 449; Railroad v. Freeman, 97 Ala. 289; Corliss v. Railroad, 63 N. H. 404; Lockwood v. Railroad, 98 N. Y. 523.

*Percy Werner* for respondent.

(1) The administrator named in Section 5425 does not hold the amount recovered as assets of the estate; he holds the amount strictly as a trustee. Kelly v. Railroad, 141 Mo. App. 490, 494; Railroad v. Townshend, 41 Ark. 382; Railroad v. Swayne, 26 Ind. 477; Holton v. Daly, 106 Ill. 131; Stewart v. Railroad, 168 U. S. 445; Perham v. Portland Gen. Elec. Co., 33 Oreg. 451, 466. (2) An administrator, bringing an action under the statute, must allege and prove that there were in existence, at the time of the institution of the action, persons who would take by descent the amount recovered. Casey v. St. Louis Transit Co., 116 Mo. App. 235, approved, 205 Mo. 721; McIntosh v. Railroad, 103 Mo. 131; Railroad v. Lilly, 90 Tenn. 563; Railroad v. Pitt, 91 Tenn. 86; Railroad v. Townshend, 41 Ark. 382; Holton v. Daly, 106 Ill. 131; Serenson v. Railroad, 45 Fed. 407; Walker v. Railroad, 104 Mich. 606; Carli v. Railroad, 28 Minn. 373; Lilly v. Railroad, 32 So. Car. 142; Topping v. St. Lawrence, 86 Wis. 526, 529; Railroad v. Crockett, 17 Neb. 570; Railroad v. Brown, 26 Kan. 443; Perham v. Portland Gen. Elec. Co., 33 Oreg. 451. The party suing must bring him-

self, by his pleading and proof, strictly within the statutory requirements. Chandler v. Railroad, 251 Mo. 592; Sparks v. Railroad, 31 Mo. App. 111; Van Brunt v. Railroad, 78 Mich. 530; Railroad v. Morris, 26 Ill. 400; Railroad v. Hessions, 150 Ill. 546.

ALLEN, J.—This is an action under the statute to recover damages for the death of one John Doyle, alleged to have been occasioned by defendant's negligence. Plaintiff sues as public administrator, in charge of the "estate" of said deceased, which it is to be inferred consisted solely of the claim here sued upon. The petition alleges that deceased, at the time of his death, "was an unmarried adult person without minor child or children natural born or adopted." There is no allegation that there were in existence any next of kin, or person or persons who could take by descent the amount, if any, which might be recovered.

The defendant interposed a demurrer to the petition, the grounds thereof being: First, that the petition does not state facts sufficient to constitute a cause of action, and second that plaintiff, as public administrator, has no power or authority to prosecute the action. Thereupon a stipulation was entered into by the parties, through their respective counsel, whereby it was stipulated and agreed that the cause should be submitted to the court for final judgment, upon the demurrer; that in the event that the circuit court should hold that the public administrator, as such, had authority to prosecute the action, and that it was unnecessary to allege or prove the existence of relatives of the deceased capable of taking by descent, then judgment should be entered for plaintiff in the sum of one thousand dollars and costs; but that in the event that the court's decision should be otherwise upon either of such questions, then judgment should be entered for the defendant, the latter agreeing that

in such event the costs should be adjudged against it. It was further stipulated and agreed that either party might prosecute an appeal from the judgment so rendered on the demurrer.

The trial court sustained the demurrer, and, in accordance with the stipulation, rendered final judgment in favor of the defendant. Thereupon plaintiff was granted an appeal to the Supreme Court, but thereafter, upon the joint motion of appellant and respondent, the cause was transferred here, upon the theory that, in view of the stipulation above referred to, the amount in dispute was within the jurisdiction of this court.

In considering the first of the two questions raised by the demurrer, as indicated above, it will be well to notice the provisions of the sections of our statute with which we are here concerned.

Section 5425, Revised Statutes 1909, provides that, in the cases falling within that section, recovery may be had: "First, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; . . . or, third, if such deceased be a minor and unmarried, . . . then by the father and mother, . . . or if either of them be dead, then by the survivor; . . . or, fourth if there be no husband, wife, minor child or minor children . . . or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased, and the amount recovered shall be distributed according to the laws of descent."

Section 5426 is as follows: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and re-

cover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured.''

Section 5427 is as follows: ''Damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 5425; and in every such action the jury may give such damages, not exceeding ten thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating and aggravating circumstances attending such wrongful act, neglect or default.''

Section 5426, supra, upon which, as qualified by section 5427, this action is predicated, gives a right of action for death by the wrongful act, neglect or default of another, where such act, neglect or default is such as would, if death had not ensued, have entitled the party to maintain an action and recover damages in respect thereof. The next section, 5427, provides that such damages shall be sued for and recovered by the same parties and in the same manner as provided in section 5425, and provides that the jury may allow such damages, not exceeding ten thousand dollars, as they may deem fair and just, with reference to the necessary injury, resulting from such death, to the surviving parties who may be entitled to sue. This section evidently contemplates that there shall be ''surviving parties'' who are entitled to receive the amount to be recovered. The statute is in derogation of the common law, and must be strictly construed; and one seeking to maintain an action thereunder must both allege and prove such facts as will bring him strictly within its provisions. [See Chandler v. Railroad, 251 Mo. 592, 158 S. W. 35, and cases cited; Dudley v. Rail-

road, 167 Mo. App. 647, 150 S. W. 737; Casey v. Transit Co., 116 Mo. App. 235, 91 S. W. 419.]

Section 5426, supra, is virtually Lord Campbell's Act, (9 and 10 Vict. Ch. 93), which has been incorporated, with more or less modification, into the legislation of States of this Union. And the precise question before us has frequently been passed upon by the courts of other States in construing such statutes.

In Holton v. Daley, Admx., 106 Ills. 131, where the action was under a statute in terms the same as our section 5426, it is said: "In construing this section, this court said, in City of Chicago v. Major, 18 Ills. 356: 'The Legislature intended that the money received should not be treated as a part of the estate of the deceased. . . The personal representatives bring the action, not in right of the estate, but as trustees for those who have a more or less direct pecuniary interest in the continuance of the life of the deceased and who had some claim at least upon his or her natural love and affection.' And it has accordingly since been held the declaration must aver, and the proof must establish, a wrongful act, neglect or default of defendant, causing the death of the intestate under such circumstances as would entitle him to maintain an action if death had not ensued, and the fact of survivorship and the name or names of widow or next of kin. [Quincy Coal Co. v. Hood, Admr., 77 Ills. 68.]"

In Serensen v. Northern Pac. R. Co., 45 Fed. Rep. 407, where the action was brought under a like Montana statute, the complaint failed to state that the deceased left any widow or next of kin. The court, after a discussion of a number of cases touching upon this question, held that the complaint was fatally defective, saying: "It cannot be it was contemplated that in any case the personal representative might recover a judgment for injuries resulting in death, and then afterwards institute an inquiry as to whether or

not there was any one entitled to the amount recovered on this judgment. If it is necessary to prove on the trial there is a widow and next of kin, this fact should be alleged. Certainly the defendant would have the right to controvert this fact.''

In Railway Co. v. Lilly, 90 Tenn. l. c. 565, 566, the court says of the Tennessee statute:

''This statute is largely a counterpart of the first and second sections of what is familiarly known as Lord Campbell's Act, passed by the British Parliament in the year 1846 (Stat. 9 and 10 Vic. Ch. 93, Secs. 1 and 2), and is very similar to statutes subsequently enacted by many of the American States. It manifestly abrogates the common-law rule just mentioned, and keeps alive the deceased person's right of action in every instance in which he leaves surviving a widow, child, or next of kin. Whether it goes beyond that, and includes every case of wrongful killing, without reference to the existence of kindred, is the controverted question. The statute virtually creates a liability in favor of the widow or next of kin, which did not exist at common law; hence the courts will not extend or enlarge that liability by liberality of construction, but will confine it to cases clearly within the provisions of the act. *No right of action will be inferred;* no remedy will be given in favor of any persons, except those distinctly contemplated as beneficiaries.''

Such has been the ruling also in other States, under like statutes. And certainly the great weight of authority is to the effect that it is necessary to allege the existence of certain beneficiaries, i. e., the existence of persons entitled to receive the damages sought to be recovered under the statute. [See also Walker v. Railway Co., 104 Mich. l. c. 617; Schwarz v. Judd, 28 Minn. 371; Lilly v. Railroad, 32 S. C. 142; Topping v. St. Lawrence, 86 Wis. 526; Burlington, etc. R. Co. v.

Crockett, 17 Neb. 570; Tiffany on Death by Wrongful Act, (2 Ed. 1913), Sec. 80, and further cases cited.]

In Perham v. Electric Co., 33 Oregon, 451, it was held that under the Oregon statute it was immaterial whether the deceased left surviving him any relatives or any creditors. The statute in question, however, differed from that now under consideration, and the court fully recognized the rule above stated as being well established where the statute is in terms similar to ours. In this connection the court said (l. c. 466, 467):

"Under the provisions of Lord Campbell's Act, and statutes which, like it, give a right of action for the death of a person caused by the wrongful act of another for the benefit of certain designated relatives, no action can be maintained at all unless the deceased left at least one surviving relative of the class specified, and the complaint must necessarily show that fact. [1 Shearman & Redfield Neg., Sec. 135; Stewart v. Terre Haute & I. R. R. Co., 103 Ind. 44, 2 N. E. 208.] In such case the executor or administrator, in prosecuting the action is a mere nominal party, who sues for the benefit of the real party in interest; and such damages as he may recover do not go to the estate of the deceased, nor belong to him in his representative capacity, but to the person for whose benefit the right of action is given by the statute. [Blake v. Midland R. R. Co., 18 Q. B. 93; Bradshaw v. Lancashire R. R. Co., L. R. 10 C. P. 189.] . . . But it will be observed that the right of action created by our statute is not for the benefit of any particular person, but the damages recovered become assets of the estate, to be applied by the administrator to the payment of debts, or distributed as the exigencies of the estate and the laws governing the distribution of personal property may direct. Under Lord Campbell's Act, and similar statutes, the damages recovered belong to the designated beneficiary, and are measured by the value

of the life taken to the particular person entitled to the benefit of the statute, while under our statute they belong to the estate, and are coextensive with the value of the life lost, without regard to its value to any particular person."

The precise question here involved does not appear to have been directly passed upon by our Supreme Court. In Murphy v. Railroad, 228 Mo. 56, 128 S. W. 481, where the action was under what is now Sec. 5425, supra, it appears that the petition contained no allegation as to the existence of beneficiaries, but it passed unchallenged, and the point here involved was not discussed in the opinion.

But the question has been recently passed upon by the Springfield Court of Appeals in Johnson v. Mining Co., 171 Mo. App. 134, 156 S. W. 33, where the majority opinion holds that, in an action under Sec. 5426, it is necessary to allege the existence of beneficiaries, and that a petition by the administrator which is lacking in such averment states no cause of action. The case was certified to the Supreme Court by ROBERTSON, P. J., who dissented upon the ground that the decision was in conflict with Murphy v. Railroad, supra, and Boyd v. Railroad, 236 Mo. 54, 139 S. W. 561, because of certain expressions of the Supreme Court in those cases, though the point in question was not directly involved in either case.

While Sec. 5425 is, in part at least, penal in its nature (See Boyd v. Railroad, 249 Mo. 110, 155 S. W. 13; Lasater v. Railroad, 177 Mo. App. 534, 160 S. W. 818; Johnson v. Railroad, 177 Mo. App. 298, 160 S. W. 5), it has always been held that the damages recoverable under sections 5426 and 5427 are compensatory; though "aggravating circumstances" may be taken into consideration, and punitive damages allowed, where there is shown to exist willfulness, malice, recklessness, etc. (See Johnson v. Mining Co., supra). The amount recovered is not an asset of the decedent's

estate, but belongs to those persons designated in the statute; and where the suit is brought by the administrator, he is a mere trustee to maintain the action for those entitled to the damages sought to be recovered. [See Kelley v. Railroad, 141 Mo. App. 490, 125 S. W. 818; Johnson v. Mining Co., supra.]

Under Sec. 5427, supra, it seems clear that "the necessary injury resulting from such death" is such injury as the "surviving parties" may sustain who are entitled to maintain the action or to have it maintained for their benefit. It is true that this section provides that the damages accruing under section 5426 shall be sued for and recovered by the same parties and in the same manner as provided in section 5425; and that the last-named section provides that if there be no husband, wife, minor child or minor children, or if the deceased be an unmarried minor and there be no father or mother, then the suit may be instituted and recovery had by the administrator or executor. Nevertheless, it is quite clear that the damages contemplated are such as will compensate, within the limit fixed by the statute, the surviving parties for the necessary injury resulting to them from such death.

In Topping v. St. Lawrence, supra, the statute under consideration provided as follows: "And in every such action, the jury may give such damages, not exceeding five thousand dollars, as they shall deem fair and just in reference to the pecuniary injury resulting from such death, to the relatives of the deceased specified in this section." The court held, following its earlier decision, that the complaint must show that there are beneficiaries in order to entitle the administrator to bring the suit for their benefit. And stress is laid upon the fact that the statute provides for the recovery of damages with reference to the *pecuniary injury* resulting to the *relatives* of the deceased. The provisions of our statute are similar in allowing dam-

ages with reference to the *necessary injury* resulting to the *surviving parties.*

The rule is otherwise under some statutes. [See Tiffany on Death by Wrongful Act, supra, sec. 81, and cases cited.] And there is some conflict of authority upon the question. In Columbus, etc. Ry. Co. v. Bradford, 86 Ala. 574, it is said: "It was unnecessary to allege that the intestate left surviving him any heirs at law. A collateral fact of this character, the existence of which in almost all cases is common knowledge, will be presumed." See, also, James v. Railroad, 92 Ala. 231, holding that only nominal damages can be recovered when it appears that there are no distributees of the decedent's estate to whose benefit the recovery will inure. Other authorities are cited by appellant, and which will doubtless be found in the latter's brief accompanying the reported opinion herein, but we think that they are not controlling.

In the instant case, in view of the stipulation before us, there could be no recovery of nominal damages merely. But regardless of this, we think it plain that the statute does not contemplate a recovery of nominal damages, but of substantial damages, with reference to the pecuniary loss of those to whose benefit a recovery will inure.

It is unnecessary to discuss the other question raised by the demurrer. It seems clear that the statute does not contemplate the right of action by an administrator where there are no known persons capable of receiving the amount to be recovered and for whose benefit the action may be prosecuted under the statute, and that the existence of such beneficiaries must be alleged and proved.

We are of the opinion that the ruling of the circuit court upon the demurrer was correct. The judgment should, therefore, be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.