MYRTLE CHANDLER v. CHICAGO & ALTON RAILROAD COMPANY and O. HOLLIDAY, Appellants.

Division One, June 28, 1913.

1. **APPELLATE JURISDICTION: Constitutional Question: Settled After Appeal Taken.** Where an appeal has been taken to the Supreme Court on the ground that the judgment involves the constitutionality of a statute, that court will retain jurisdiction if the appeal was taken prior to the time the validity of the statute was settled in other cases.

2. **PLEADING: No Cause of Action: Jurisdictional Matter.** A petition that states no cause of action at all presents a defect in its nature jurisdictional, and its fatality may be raised in any court at any stage of the case. And a petition, filed in April charging that plaintiff's husband was killed as the result of defendant's negligence in the prior June, and asking for the statutory penalty, is such a petition.

Chandler v. Railroad.

3. **NEGLIGENCE: Death of Husband: Suit by Widow Nine Months Later: No Cause of Action.** A petition, filed by a widow as plaintiff in April, in which she sues a railroad company and its engineer for the negligent killing of her husband in the prior month of June, under the statute which declares that the individual or corporation guilty of certain negligent acts resulting in death, shall forfeit and pay as a penalty a sum not less than $2000 and not exceeding $10,000, which may be recovered, "first, by the husband or wife of deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of deceased," is fatally defective, because the suit was not brought within six months; for the rule of law is that where a statute creates a new right and goes on to prescribe the means of acquiring it, the statutory plan is exclusive, and parties are confined to the statutory remedy. In such statutory actions, the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition; otherwise, it shows no cause of action.

4. ————: ————: ————: ————: **Amendment in Supreme Court.** Notwithstanding the statute (Sec. 2120, R. S. 1909) permitting amendments to pleadings in "the court into which such judgment shall be removed by writ of error or by appeal," a petition cannot be so amended in the Supreme Court as to supply a material allegation omitted therefrom, in the absence of proof brought up in the abstract. So where plaintiff sued for damages for the negligent death of her husband, nine months after his death, the petition cannot be so amended in the Supreme Court as to show that she brought the suit within six months, and suffering a nonsuit brought a new suit within the year prescribed by Sec. 5429.

5. **APPEAL: No Cause of Action: Reversal: On One Point Only.** Where the petition states a cause of action in all respects except that it omits one material allegation and a judgment has been rendered for plaintiff, the appellate court, where occasion demands, may, in an equity case, in which a jury fills no office of substance, reverse the judgment on one point only, and send the cause down for a rehearing on an amended petition on that sole issue. But such a reversal is not allowable in a case at law; for a law case is triable before a jury, and when it is sent down for a retrial it is to be tried on questions of fact before another jury. So that where plaintiff, nine months after her husband's death, sued a railroad company for negligently killing him, and in her petition failed to state that, having brought the suit within six months and having suffered nonsuit, she brought a new suit within one

year, a judgment in her favor cannot be reversed on this one point only and the cause sent down for a rehearing on an amended petition on this sole issue. But in this case, in the exercise of a judicial discretion, justified by a showing of facts *dehors* the record, the cause is remanded for a new trial, and not simply reversed, although the petition does not contain such necessary allegation.

6. **NEGLIGENCE: Engineer: Obeying Signals.** An engineer in charge of a switch engine, making up a freight train in the railroad yards, who, under the immediate supervision of a switch foreman and other switchmen's orders and not otherwise, knew nothing of the exposed situation of the switchman of another road, who, many car-lengths from the engine, while coupling the air hose next to the caboose, was killed, when the cars were "kicked" back in obedience to signals, is not liable for said switchman's death.

7. ————: **Master and Servant: Switchman of Another Road.** The relation between defendant railroad company and a switchman of another railroad, who was killed while coupling the air hose to the caboose on a train that was being made up in defendant's yards for said other railroad, was not that of master and servant; neither was he a trespasser, but an invitee, to whom defendant owed the duty of exercising ordinary care, subject to his own duty to use ordinary care for his own safety.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors,* Judge.

REVERSED AND REMANDED.

*Scarritt, Scarritt, Jones & Miller* for appellants.

(1) In order for the widow to maintain an action under the statute (now Sec. 5425, R. S. 1909), of the suit is instituted more than six months after the death sued for, it must be alleged and proven that the deceased left no minor children. Barker v. Railroad, 91 Mo. 86; McIntosh v. Railroad, 103 Mo. 131; Mathieson v. Railroad, 219 Mo. 548. (2) The peremptory instructions asked by defendants at the end of the evidence should have been sustained. The verdict of the jury was necessarily founded upon conjecture rather than upon substantial affirmative evidence. A verdict

founded upon mere speculation or conjecture will not be allowed to stand. Moore v. Railroad, 28 Mo. App. 622; Warner v. Railroad, 178 Mo. 125; Yarnall v. Railroad, 113 Mo. 570; Trigg v. Lumber Co., 187 Mo. 234; McGrath v. Transit Co., 197 Mo. 97; Railroad v. Cathey, 70 Miss. 332; Wintuska v. Railroad, 20 S. W. (Ky.) 819; Ogelsby v. Railroad, 177 Mo. 272; Short v. Railroad, 69 Miss. 848; Corcoran v. Railroad, 133 Mass. 507; Rogers v. Railroad, 88 Fed. 452; The Columbia, 106 Fed. 145; Railroad v. O'Brien, 132 Fed. 593; Railroad v. Shertle, 977 Pa. St. 450; Orth v. Railroad, 47 Minn. 384; Asbach v. Railroad, 74 Iowa, 248; Railroad v. State, 73 Md. 74; Perkins v. Railroad, 103 Mo. 52. (3) There is not a particle or even a scintilla of evidence in the record tending to show any negligent act on the part of Holliday. If defendant railroad company is liable at all in this matter, it is by virtue of the doctrine of *respondeat superior*. It follows that inasmuch as Holliday alone of defendant's servants was singled out and charged with negligence in the petition and as there was no proof of any negligent act on his part, the company cannot be held liable. McGinnis v. Railroad, 200 Mo. 361.

*E. S. Gantt* and *Barclay, Fauntleroy, Cullen & Orthwein* for respondent.

(1) The system of rules or methods adopted by the master for the conduct of his business forms a part of the contract of hiring and is binding on both master and servant. The violation thereof by the master to the injury of the servant is culpable negligence. Lewis v. Railroad, 142 Mo. App. 585; Jordan v. Transit Co., 202 Mo. 423; Railroad v. Burton, 78 S. W. (Ky.) 823; Railroad v. Heck, 17 A. & E. R. Cas. 389; 4 Thomp. Neg. (2 Ed.), sec. 4165; Railroad v. Whitcomb, 111 Ind. 212; Wharton, Neg., secs. 205, 233;

Luebke v. Railroad, 63 Wis. 91; Sobieski v. Railroad, 41 Minn. 169; Railroad v. Murphy, 50 Ohio, 135; Railroad v. McElyea, 71 Tex. 389, 1 L. R. A. 411. (2) When the master, as is the case at bar, adopts a system of notification of danger the servant has a right to rely upon such notification, and the master is guilty of negligence, if he omits the customary signal. Tetwiler v. Railroad, 242 Mo. 178; Lewis v. Railroad, 142 Mo. App. 585; Jordan v. Transit Co., 202 Mo. 423; Speed v. Railroad, 71 Mo. 303; Railroad v. Rhea, 84 S. W. (Tex.) 428; Barker v. Railroad, 21 S. W. (Ky.) 340; Railroad v. Schultz, 19 Ohio, 639; Ring v. Railroad, 112 Mo. 220; 1 Labatt, Master & Servant, p. 452, sec. 209; Anderson v. Mill Co., 42 Minn. 424. (3) The customary method of the defendant in the particular respect in question is always competent to explain the acts of the parties and may be considered on the issue of defendant's negligence, and plaintiff's freedom from contributory negligence. Stockyards v. Godfrey, 198 Ill. 288; Bachant v. Railroad, 187 Mass. 392. (4) That negligence may be inferred from circumstances there is no doubt in reason or upon authority, and likewise the due care of the person injured or killed and the place where he was at the time he was killed may be proven by circumstances. Lynch v. Railroad, 208 Mo. 1; 3 Ency. of Ev., 103; 6 Thomp. Neg. (2 Ed.), secs. 7863 and 7912; 7 Ib. 7863; Black v. Tel. Co., 26 Utah, 451; Rine v. Railroad, 100 Mo. 228; Harned v. Railroad, 51 Mo. App. 482; Haynes v. Railroad, 54 Mo. App. 585; Rosenfield v. Arrol, 44 Minn. 393. (5) Brakeman has a right to assume that engine will not be moved without signal from him. Railroad v. Courtney, 30 Tex. Civ. App. 541; Railroad v. Caskey, 84 S. W. 264; 7 Thomp. Neg., pp. 829-830-831. (6) If it is the custom of a railroad company to warn employees working upon the track, of the approach of an engine, by ringing the bell, or sounding the whistle, or otherwise, such servants are in a large

measure relieved from the strict rule of self-protection and in very few cases can it be said that they are guilty of contributory negligence as a matter of law. Ordinarily it is a question for the jury whether the injured servant was guilty of contributory negligence where the custom was not observed. Railroad v. Jackson, 78 Ark. 100, 6 L. R. A. 646; Sloan v. Railroad, 101 Minn. 113; Joyce v. Railroad, 100 Minn. 225; Goodfellow v. Railroad, 106 Mass. 461; D'Agostino v. Railroad, 72 N. J. L. 358; Ditberner v. Railroad, 47 Wis. 138; Schultz v. Railroad, 44 Wis. 638; Davis v. Railroad, 159 Mass. 532. (7) It is not necessary to plead the existence of rules or of a custom. They are mere evidence bearing upon the question on the part of the defendant or its employees and the care and diligence of the person killed or injured. Alcorn v. Railroad, 108 Mo. 81; Logan v. Railroad, 77 Mo. 663; Henry v. Railroad, 66 Iowa, 52; Pilkington v. Railroad, 70 Tex. 226.

LAMM, J.—Plaintiff, widow of Albert Chandler, sued defendant railroad and Holliday (a locomotive engineer in its employ) in the Audrain Circuit Court on April 1, 1908, for the alleged negligent death of her husband on June 24, 1907, occasioned whilst operating a train of cars. The venue being changed to the Franklin Circuit Court, on a trial a jury gave her a verdict of $5000 against both defendants. From a judgment on that verdict, they, on apt steps and in due time, appealed here.

I. There is well lodged in the record a constitutional question, to-wit, whether the act to amend section 2864, Revised Statutes 1899, concerning damages, approved April 13, 1905 (Laws 1905, p. 135 — now Sec. 5425, R. S. 1909 — amended,

Laws 1911, p. 203) is constitutional.
True it is, the constitutional question,
to-wit, the statutory plan permitting dis-
cretion in a jury to allow damages on
a sliding scale from $2000 to $10,000, is now at rest
(Young v. Railroad, 227 Mo. 307; Burge v. Railroad,
244 Mo. 76); but as the appeal was taken prior to the
decision of the Young case and while the constitutional
question was open, that fact vested jurisdiction in this
court. Here it remains. So the precedents run.
Thus: In Gabbert v. Railroad the constitutionality
of a constitutional amendment permitting nine con-
curring jurors to render a verdict was first settled.
[171 Mo. 84.] Appeals were pending here at the time
the Gabbert case was decided in which our jurisdiction
hinged solely on the question. We retained jurisdic-
tion of them. Lee v. Jones, 181 Mo. 1. c. 297, is a sam-
ple. Following precedents, we retain jurisdiction of
this appeal.

II. Two propositions advanced by appellants are
that the petition states no cause of action and that de-
murrers to the evidence should have been given.

On the first day of April, 1908, plaintiff sued for
the wrongful death of her husband occurring on the
24th day of the prior June, i. e., nine months gone.
The statute by virtue of which plaintiff may alone sue
provides that the individual or corporation
guilty of certain negligent acts resulting
in death, as here, shall forfeit and pay as
a penalty the sum of not less than $2000
and not exceeding $10,000, which may be
sued for and recovered, "first, by the hus-
band or wife of the deceased; or, second,
if there be no husband or wife, or he or
she fails to sue within six months after such death,
then by the minor child or children of the deceased,
whether such minor child or children of the deceased

be the natural born or adopted child or children of the deceased,'' etc. The statute goes on to provide third and fourth contingencies in which a father and mother or the survivor of them or an administrator may sue, but they do not concern us.

Though the petition shows that the death of Mr. Chandler occurred nine months before suit brought, yet it is silent on the existence of minor children. However, plaintiff's proof shows that Mr. Chandler was about thirty years of age and left plaintiff as his widow and three children—the latter necessarily minors. Neither does the petition make any averments that would toll the six month statute; for instance, that she had appropriated the cause of action by a timely suit, but had suffered a nonsuit and commenced a new action within one year, thereby cutting the minors out. [R. S. 1909, sec. 5429; Packard v. Railroad, 181 Mo. l. c. 426 et seq., and cases cited and commented on; McQuade v. Railroad, 200 Mo. l. c. 157 et seq. See averments in the petition in the McQuade case as to appropriation of the cause of action in time and a dismissal.]

Demurrers, offered below to plaintiff's evidence, were overruled and on saved exceptions are now pressed. Moreover, appellants insist here that the petition states no cause of action.

As to those grounds, we are of opinion the judgment stands for reversal on either or both. Because:

(a) There are some aiding general rules pertinent to the questions in hand, viz:

(1) In the first place, a petition that states no cause of action at all presents a defect in the nature of a jurisdictional one. The fatality of

Jurisdictional Matter: Raised at any Time.
such defect is due to be raised in any court or at any stage of the case. The following are samples from a long line of cases sustaining one, the other or both of those propositions: Childs v. Railroad, 117 Mo. l. c. 427, and

cases cited: Lilly v. Menke, 126 Mo. l. c. 212 et seq., and cases cited; Hanson v. Neal, 215 Mo. l. c. 278, and Hudson v. Cahoon, 193 Mo. l. c. 557 et seq.

(2)   In the second place, when a statute creates a *new* right and goes on to prescribe the means of acquiring it, the statutory plan is exclusive and parties are confined to the statutory remedy.

**Statutory Right: Exclusive.** "If there would be no general liability for neglect of the duty imposed, unless by statute, then it (the corporation) could only be held for the statutory liability." [Per BLISS, J., in Iba v. Railroad, 45 Mo. l. c. 474.] "It is a general rule of law that where . . . the statute creates a new right and prescribes a remedy, the statutory remedy is exclusive." [Per BLACK, J., in City of Clinton v. Henry County, 115 Mo. l. c. 569.] "Where a right is created by statute and a remedy for its violation is given by the same statute, that remedy is exclusive unless the statute says otherwise." [Per VALLIANT, P. J., in Albers Commission Company v. Spencer, 205 Mo. l. c. 119.] State ex rel. v. Trust Company, 209 Mo. l. c. 493; Carlisle v. Railroad, 168 Mo. l. c. 656; State ex rel. v. Snyder, 139 Mo. l. c. 554, read likewise.

We are not dealing here with cumulative remedies as where the common law gave one and the statute supplemented that one, or where equity gave one and the statute stepped in and gave another at law, nor with that class of cases where the statute gives a new right and prescribes no remedy at all. Such cases have their own pertinent doctrines, not concerning us at this time.

(b)  Attending to the propositions announced in paragraph "a," they have been consistently and uniformly applied, so far as I am advised, to ruling the precise questions now up for consideration—questions anything but new. A party suing under the statute referred to must bring himself in his pleading and

**Statutory Conditions Must be Pleaded.**

proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. Only such persons may sue as the statute permits and they alone can sue. They must sue, too, within the time prescribed by the statute. It must "be conceded that the section reserves to itself the exclusive power of naming those who could maintain the action and of fixing the time in which each of the enumerated persons could sue." [Aley v. Railroad, 211 Mo. 1. c. 478; Barker v. Railroad, 91 Mo. 1. c. 94; McNamara v. Slavens, 76 Mo. 329; Coover v. Moore, 31 Mo. 574; Oates v. Railroad, 104 Mo. 1. c. 518; Barron v. Lead and Zinc Co., 172 Mo. 228; Packard v. Railroad, 181 Mo. 421; Hennessy v. Brewing Co., 145 Mo. 1. c. 113; Clark v. Railroad, 219 Mo. 1. c. 538 et seq.; McIntosh v. Railroad, 103 Mo. 131; Mathieson v. Railroad, 219 Mo. 1. c. 548 et seq.; Marshall v. Mines Co., 129 Mo. App. 649.]

In the Barker case, supra, the acceptable doctrine was put in this way: "In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in his petition; otherwise, it shows no cause of action." The reasoning and pronouncements of the whole body of cases cited are aptly epitomized in the above excerpt from the Barker case.

It may be said, then, as the sum of the matter that *outside* of that statute plaintiff had no right to sue, therefore she must bring herself *inside* the statute in order to sue. This she has not done and for that reason the judgment must, at least, be reversed. Whether the cause shall be remanded presents a question we will next examine.

III. Recognizing that the situation is ticklish, learned counsel tender an amendment in this court to the effect that the widow appropriated the cause of action within six months of her husband's death and that thereafter having suffered a nonsuit she instituted a new suit within the year prescribed by section 5429, Revised Statutes 1909. They point to a statute permitting amendments in "the court into which such judgment shall be removed by writ of error or by appeal." [R. S. 1909, sec. 2120.] They argue, also, that the section preceding the one just referred to is in point; that neither party has been prejudiced; that the merits of the action have not been materially affected. But we are unable to agree with counsel. If a material allegation is absent from the petition, as here, and the proof thereon is absent, as here, it would be a startling innovation for us to allow an amendment and to proceed to judgment, in the absence of proof sent here in the ancient way, to-wit, in an abstract of the record. I think no precedent can be found for that course and the absence of precedent is due, doubtless, to the lack of meritorious substance in such a dangerous novelty.

*Petition: Amendment in Appellate Court.*

It is further argued that if the judgment is reversed it should be reversed only on the one point, and not generally, and that the cause should be sent down for a rehearing on an amended petition on that sole issue. In equity where the issues rest with the chancellor, and a jury fills no office of substance, that course is sensible where occasion demands. It is within precedent. We cite one case out of many. [Leeper v. Taylor, 111 Mo. l. c. 326.] But in a case at law triable to a jury, to send the case below on one question of fact to be tried out before another jury, leaving other issues of fact foreclosed by a former verdict, is contrary to our statutory scheme for jury trials. It would result in awkward situations and complications not

conducive to the orderly administration of justice. If learned counsel are of a mind that such course would be a reform in jurisprudence, they must appeal to legislative power for the remedy.

But on the suggestions of learned counsel, made obviously in good faith, brought to our attention in briefs and in a so-called supplemental abstract (which, by the by, is not an abstract of the record at all but a compendium of matter *dehors* the record in this case) we are not willing to reverse the judgment without remanding the cause. We have a discretion in that particular and a wise exercise of it runs with remanding this cause for the amendment of the petition (if counsel so elect) and a new trial. That we are within the beaten way, and therefore the safe way, in taking that course there can be no doubt. Witness: Bowen v. Railroad, 95 Mo. 268; Tickell v. Railroad, 90 Mo. 296; Sampson v. Mitchell, 125 Mo. l. c. 232-3; Haseltine v. Smith, 154 Mo. 404. So, the reasoning of the *per curiam* in the Finnegan case (244 Mo. l. c. 662 et seq.) is in line with the above conclusion.

IV. Many questions are raised on this record which may disappear from a new trial or assume another form, hence, as the case has broken, we shall say nothing about them at this time. But the record and briefs are in such form as to deserve two general observations serving a useful office on a new trial. Thus:

(a) Defendant Holliday is not liable on the record now before us, hence, if on another trial there is no new evidence tending to fasten liability on him, a demurrer on his part should be sustained.

*Negligence: Liability of Engineer.* He was an employee of his corporate codefendant, the engineer of a switch engine making up a train in the yards at Francis, Missouri, in the darkness of night. Decedent was a brakeman, an employee of a different rail-

road corporation, the C. B. & Q. Holliday was under the immediate supervision of a switch foreman, obeying his and other switchmen's orders and not otherwise. The accident happened in "kicking" or pushing down some loaded freight cars in those yards to make up a train for St. Louis. Holliday was many carlengths from where decedent was killed, while, it is supposed, he was coupling the air hose next to the caboose of the train being made up. Holliday moved his engine backward, forward, stopped the same and controlled its speed solely by lantern signals given by the foreman and switchmen on the ground or cars. There is no testimony he knew anything of the presence of decedent or his exposed situation at the time. There is no testimony he did not in all things obey the signals given him by those commanding his movements. *Contra,* the testimony all indicates that he did. We perceive, at this time, no liability on his part.

(b) The relation between decedent and the corporate defendant was not that of master and servant, as inadvertently argued by counsel. It seems defendant railroad company was making up the train in a railroad yard used jointly with

**Master and Servant.**

the C. B. & Q., for which latter, as said, decedent was working—the intention being that when the train was so made up the C. B. & Q. would hitch on its own engine and pull it over its own line to St. Louis. Decedent was no trespasser but an invitee at least, and defendant railroad company owed him the duty of exercising ordinary care towards him subject to his own duty to use ordinary care for his own safety. Within the lines of those simple correlative duties must liability be worked out, if at all. On this record we withhold our judgment on the merits until, if ever, the case comes here fully developed on a sufficient petition. [Higgins v. Higgins, 243 Mo. l. c. 173-4; Groves v. Terry, 219 Mo. l. c. 599.]

Let the judgment be reversed and the cause remanded for further proceedings conformable to this opinion. It is so ordered. *Woodson, P. J.,* and *Bond, J.,* concur; *Graves, J.,* concurs in separate opinion filed.

## SEPARATE OPINION.

GRAVES, J.—I concur in this opinion of my brother LAMM in so far as he undertakes to announce doctrines of law. His legal deductions are right. I do not agree that this case should be remanded, because in my judgment the plaintiff failed to make out a case upon the merits by her proof, giving such proof its broadest latitude, and permitting all reasonable inferences therefrom. In other words, eliminating the question as to whether the petition stated a cause of action, by reason of the absence of the material allegation discussed in the principal opinion, my view is that the facts shown fail to show the plaintiff's husband met death by reason of the negligence of defendants or either of them. The cause of his death is purely speculative.

*No Negligence Shown: Remanding for New Trial.*

If the facts given upon the merits would warrant the remanding of the cause, then I would agree with my brother in the doctrine announced in the latter part of his paragraph three, to the effect that such a showing had been made here as would warrant the remanding of the cause to the end that the petition might be amended. But this does not reach what I deem the vitals of the case. My view is that we might concede that the petition stated a cause of action, yet the cause should not be remanded, because plaintiff's proof fails to make out the case pleaded. I, therefore, am of opinion that the judgment should be reversed without remanding the cause.