GERTRUDE O'DONNELL, Administratrix of ELIZABETH THOMAS, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY, Appellant.—21 S. W. (2d) 762.

Division One, October 14, 1929.

*T. E. Francis* and *Vance J. Higgs* for appellant.

*R. E. LaDriere* for respondent.

GANTT, J.—This case came to me on reassignment. Action by the administratrix under Section 4217, Revised Statutes 1919, for the death of Elizabeth Thomas, alleged to have been caused by the negligence of defendant in operating a street car in St. Louis. The charges of negligence follow: (1) humanitarian rule; (2) violation of speed ordinance; (3) violation of vigilant-watch ordinance; (4) failure to sound the gong or give any warning of the approach of the car. Defendant answered by a general denial and a charge that deceased saw or heard the moving car or could have done so by the exercise of ordinary care in time to have avoided the collision. Reply was a general denial. The case was submitted on the last three charges of negligence, the court withdrawing from the consideration of the jury the charge of negligence under the humanitarian doctrine. Judgment for $8250, and defendant appealed.

I. It is contended the petition states no cause of action in that it does not exclude a right of action in the persons named in the first, second and third provisions of the statute fixing a right of recovery according to certain contingencies.

Defendant objected to the introduction of testimony under the petition for the reason it fails to state a cause of action and objected to the introduction of the testimony tending to show the surviving relatives of the deceased, for the reason no foundation for the introduction of such testimony was laid in the petition. Exceptions were taken to the rulings on these objections. The question is jurisdictional and the administratrix must by both pleading and proof establish a right of recovery under the statute. [Chandler v. Railroad, 251 Mo. 592, 158 S. W. 35; Bonnarens v. Ry. Co., 273 S. W. 1043; Clark v. Railroad, 219 Mo. 524, 118 S. W. 40;

Betz v. Ry. Co., 284 S. W. 455, l. c. 456.] The statute provides a right of recovery as follows:

"First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, . . . or, third, if such deceased be a minor and unmarried, . . . then by the father and mother, . . . or if either of them be dead, then by the survivor; or, fourth, if there be no husband, wife, minor child or minor children, . . . or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent. . . ." [Sec. 4217, R. S. 1919.]

The only allegations touching the question follow: .

"Plaintiff, for her cause of action, states that on the 17th day of September, 1924, she was, by the Probate Court of the City of St. Louis, Missouri, appointed, and is now acting as, administratrix of the estate of Elizabeth Thomas, deceased, who died a resident of St. Louis, Missouri, on the 28th day of July, 1924. . . .

"Plaintiff states that by reason of the death of said Elizabeth Thomas her heirs, consisting of Gertrude Stellman, sister, and Gertrude O'Donnell, daughter, heirs capable of inheriting, have suffered financial loss and have been damaged in a large sum, to-wit, the sum of ten thousand dollars."

Plaintiff argues the allegation that she was appointed administratrix is in effect an allegation that she was not a minor, for an administratrix must be twenty-one years of age. She further argues the petition shows the names of the daughter and mother to be different and that this is equivalent to an allegation that the daughter is married, which, coupled with the allegation, in effect, that plaintiff is twenty-one years of age, is, in effect, an allegation that deceased was not an unmarried minor. She further argues that the words "consisting of" in the allegation with reference to the heirs of deceased excludes the possibility of heirs other than those named in the petition.

If this construction be allowed still the petition does not negative a surviving husband, who comes first by legislative mandate. In this condition the petition does not state a cause of action. However, plaintiff had judgment below and we should reverse the judgment and remand the cause that the petition may be amended and the case retried. [Chandler v. Railroad, 251 Mo. 592, l. c. 603, 158 S. W. 35, l. c. 38; Finnigan v. Railroad, 244 Mo. 608, l. c. 662, 149 S. W. 612, l. c. 628; Haseltine v. Smith, 154 Mo. 404, l. c. 414, 55 S. W. 633, l. c. 636.] In view of a retrial we will consider some of the questions presented.

II. Defendant charges the deceased with contributory negligence as a matter of law in that she did not look before going on the track. It is argued that by looking she could have seen the approaching car and avoided injury by avoiding the track. Therefore, the conclusion that she did not look. Defendant offered no testimony and he does not contend there was no substantial evidence of defendant's negligence. The plaintiff introduced in evidence the vigilant-watch and speed ordinances.

The evidence for plaintiff shows that about 8:30 P. M., July 10, 1924, the deceased was struck at or near the intersection of Broadway and Kingshighway by a southbound street car of defendant. Broadway and the intersection of the streets were well lighted and one could see for more than three hundred feet north of the point of collision. Two passengers testified that when the car was at or near the intersection the brakes were suddenly applied which caused them to "look up" and that they then saw the deceased on the track ten or fifteen feet in front of the moving car. After the collision the car was stopped, deceased taken from under the car, and to a hospital where she died July 28, 1924.

This was all the evidence tending to explain the occurrence. Thus the record locates the deceased on the track, when first seen, a few feet in front of the moving car. On the record she must be allowed a presumption of due care in going on the track. The defendant concedes the rule, but claims if deceased exercised due care she looked before going on the track and saw the well-lighted car approaching for more than three hundred feet north of the point of collision. Therefore it is claimed she was guilty of negligence as a matter of law in going on the track.

Deceased may be charged with having seen the car, but defendant overlooks the fact that absent notice or knowledge of the speed of the car she could assume the car was not being driven at an unlawful speed, whereas, the only evidence offered on the subject tended to show that the car was running at a speed of about thirty miles per hour for over a city block. [Lackey v. United Rys. Co., 231 S. W. 1. c. 961; Unterlachner v. Wells, 296 S. W. 1. c. 762; O'Neill v. Kansas City Rys. Co., 239 S. W. 1. c. 879; Riska v. Union Depot Railroad Co., 180 Mo. 1. c. 191, 79 S. W. 445.]

Futhermore, the evidence is uncontradicted that the gong was not sounded and there is no evidence of unusual noise from the movement of the car and it is a matter of common knowledge that one in front of a moving car cannot well judge its speed. [Strauchon v. Ry. Co., 232 Mo. 1. c. 599, 135 S. W. 14.] The demurrers were well ruled. Indeed there is no evidence in the record tending to show the deceased was guilty of contributory negligence. It follows that contributory

negligence was not an issue in the case. This conclusion disposes of the questions presented with reference to contributory negligence of plaintiff.

III. A certified copy of the certificate of death was admitted in evidence. Of this defendant complains. Section 5816, Revised Statutes 1919, makes a certified copy of the record of deaths registered under the provisions of Article 2, Chapter 41, Revised Statutes 1919, prima-facie evidence of the facts therein stated. The medical certificate of the certificate of death of Elizabeth Thomas contains the following:

"I hereby certify . . . that death occurred on the date stated above at 5:45 A. M. The cause of death was as follows: Lobar pneumonia following internal injuries due to being struck by street car. . . ."

"WM. DEVER, M. D., Deputy Coroner."

Defendant insists the medical certificate must be made and signed by the attending physician. Plaintiff thinks the coroner was authorized by Section 5803, Revised Statutes 1919, to make and sign said part of the certificate of death. Said section does authorize the coroner to make the medical certificate when the case is referred to him by the registrar as a case without an attending physician and a case where death may have been caused by unlawful and suspicious means. When the coroner is so authorized he must make the certificate as directed in said section. This duty is incidental to the duties of a coroner under Chapter 48, Revised Statutes 1919, which provides for taking inquests of violent and casual deaths. This chapter directs the coroner to perform no duty in aid of the registration of births and deaths.

Defendant's contention must be sustained. It is clear the lawmakers had in mind the best information obtainable, for they provided in Section 5802, Revised Statutes 1919, that the medical certificate of the death certificate must be made and signed by the attending physician. They not only commanded the attending physician to make and sign the medical certificate, but provided he would be guilty of a misdemeanor if he failed or refused to do so. [Sec. 5817, R. S. 1919.] In cases calling for an inquest it would be the duty of the attending physician to notify the coroner. It would then be the duty of the coroner to hold an inquest under Chapter 48, Revised Statutes 1919. But the holding of an inquest does not authorize the coroner to make and sign the medical certificate unless the case was referred to him by the registrar as provided in Section 5803. If there is an attending physician the medical certificate must be made and signed by him. In the case at bar, there was an attending physician and he

did not make and sign the medical certificate. It was made and signed by the deputy coroner who was not an attending physician. Therefore it was not made in substantial compliance with the statute and should not have been admitted in evidence. Simpson v. Wells, 237 S. W. 520, cited by plaintiff, was ruled on the theory the deputy coroner was an attending physician.

IV. The court directed the jury that if defendant ran the car at a rate of speed in excess of twenty-five miles an hour for more than a city block, he was guilty of negligence.

The instruction rests on the first proviso of paragraph "(a)" of section two of an ordinance, No. 32936, enacted in 1924, which follows:

"(a) Speed of Motor Vehicles. Every person operating a motor vehicle or street railway car on the streets of this city shall operate or drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided that a rate of speed in excess of twenty-five miles an hour for a distance of one city block shall be considered as proof of driving at a rate of speed which is not careful or prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the street and the location with reference to congested districts, intersecting streets, curves, residences or schools; provided, however, that no person shall operate or drive a motor vehicle or street car in a legally designated congested district at a rate of speed in excess of fifteen miles per hour. . . ."

Defendant contends it is not a violation of the ordinance to run a street car at the speed and for the distance stated in the first proviso of the section. It is suggested the municipal assembly undertook the enactment of an ordinance on the theory of Section 19, page 91, Laws 1921, 1st Ex. Session, which follows:

"Sec. 19. Operation of motor vehicles.—Every person operating a motor vehicle on the highways of this State shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person, provided that a rate of speed in excess of twenty-five miles an hour for a distance of one-half mile shall be considered as evidence, presumptive but not conclusive, of driving at a rate of speed which is not careful and prudent, but the burden of proof shall continue to be on the prosecution to show by competent evidence that at the time and place charged the operator was driving at a rate of speed which was not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the highway and the

location with reference to intersecting highways, curves, residences or schools; provided however, that no person shall operate a solid-tire commercial motor vehicle having a rated live-load capacity of two tons and less at a rate of speed exceeding twenty miles per hour, or a solid-tire commercial motor vehicle having a rated live-load capacity of more than two tons and not more than five tons at a rate of speed exceeding fifteen miles per hour, or a solid-tire commercial motor vehicle having a rated live-load capacity of more than five tons at a rate of speed exceeding ten miles per hour; and, provided, further, that no person shall operate a motor vehicle equipped with iron or other metal tires at a greater rate of speed than six miles per hour.''

Comparison convinces us the assembly had before it the statute when the ordinance was enacted. Changes were made to adjust the regulations to conditions existing in the city. And the requirement of the highest degree of care was omitted from the ordinance. These changes and omissions indicate attention was given to the statute in preparing the ordinance. A vital change was the substitution of the word ''proof'' for the words ''evidence, presumptive but not conclusive'' in the first proviso of this section of the statute, and the omission from said proviso of the clause ''but the burden of proof shall continue to be on the prosecution to show by competent evidence that, at the time and place charged, the operator was driving at a rate of speed which was not careful and prudent.''

'' 'Proof' is defined as 'the conviction or persuasion of the mind of a judge or jury, by the exhibition of evidence, of the reality of a fact alleged. Thus, to prove is to determine or persuade that a thing does or does not exist . . . Proof is the perfection of evidence, for without evidence there is no proof, although there may be evidence which does not amount to proof . . .' '' [3 Bouvier's Law Dictionary, Third Revision, p. 2749.]

Now this substitution and omission convince us the assembly did not approve of the provision of the statute making said speed for said distance only presumptive evidence. The city lawmakers intended said speed for said distance to be conclusive evidence of driving at a rate of speed which is not careful or prudent. Otherwise the substitution and omission would not have been made. The assembly is without power to prescribe what shall be proof of any fact. In State ex rel. v. Atkinson, 271 Mo. 28, l. c. 42, 195 S. W. 741, we said:

''The Legislature may establish rules of evidence and may provide that proof of a certain character shall be prima-facie evidence of a fact sought to be established, but it is clearly beyond the power of a Legislature to prescribe what shall be conclusive evidence of any

fact. [Abbot v. Lindenbower, 42 Mo. 162, l. c. 166; Roth v. Gabbert, 123 Mo. 21, l. c. 28, 31; Railway Co. v. Simonson, 64 Kan. 802; Railway v. Payne, 33 Ark. 816; United States v. Klein, 13 Wall. (80 U. S.) 128, l. c. 146, 147; Phillips v. Byrd, 143 Pac. 684; Chicago, M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, l. c. 456; White v. Flynn, 23 Ind. 46; Corbin v. Hill, 21 Iowa, 70; Yazoo & Miss. V. Ry. v. Bent & Co., 47 So. (Miss.) 805; Cooley on Const. Lim. (7 Ed.) 526.] Under these authorities the Legislature cannot make any evidence conclusive which is not already so, 'in and of itself,' by virtue of its own force, because it would invade the province of the court.''

The proviso in the ordinance follows:

'' . . . Provided, that a rate of speed in excess of twenty-five miles an hour for a distance of one city block shall be considered as proof of driving at a rate of speed which is not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the street and the location with reference to congested districts, intersecting streets, curves, residences or schools; . . .''

It is argued the clause ''considering the time of day, etc.,'' indicates an intention to limit the word ''proof'' to prima-facie evidence. We do not think so. If such had been the intention, the clear words of the statute would have been used in providing the regulation. If the clause means anything, it means ''even considering (regardless of) the time of day,'' etc. It should be noted the proviso does not fix a speed limit, a violation of which would be an offense. The first proviso is separable from the paragraph. Its elimination therefore does not affect the validity of the remainder. It follows the first proviso of paragraph ''(a)'' of section two, ordinance No. 32936 is unconstitutional, and the instruction should not have been given.

Other assignments are either without merit or will likely disappear on re-trial. The judgment is reversed and the cause remanded. All concur.