ISABELL LEE, Administratrix of the Estate of ANNA MORRIS, v. ST. LOUIS PUBLIC SERVICE COMPANY, Appellant.—88 S. W. (2d) 337.

Division One, November 18, 1935.

*T. E. Francis, B. G. Carpenter* and *W. B. Dearing* for appellant.

*Patrick A. Lavin* and *William Kohn* for respondent.

BRADLEY, C.—This is an action by plaintiff as administratrix of the estate of Anna Morris, deceased, to recover for the alleged wrongful death of decedent, whose death resulted from being run over by one of defendant's street cars. The action is under the penalty section of what is sometimes called the death statute. [Sec. 3262, R. S. 1929, Mo. Stat. Ann., sec. 3262, p. 3353.] The jury returned a verdict for the full penalty of $10,000. Motion for a new trial was overruled and defendant appealed.

Deceased was on the forward car of a two-car train. The rear car was called a trailer. Deceased was a passenger and was alighting at the rear of the car. Before she had completely alighted the cars were started forward and she was thrown in such manner that the trailer ran over her. Three separate assignments are made, but all go to the point that the petition wholly fails to state a cause of action. The petition, among other things, alleges that deceased, at the time of her death, "was single and unmarried and was not a minor, and left no widower, minor child or children, either natural born or adopted," but did not allege that she left, surviving, heirs capable of inheriting under the laws of descent and distribution.

The petition at the trial was not attacked, and defendant answered by a general denial. Because of the absent allegation, defendant contends that the petition wholly fails to state a cause of action. It was shown at the trial, over objection and exception,

however, that plaintiff administratrix, was a sister of deceased. Since this evidence went in over objection and exception, the rule that the petition will be considered as amended to conform to the evidence when no objection is made, cannot be invoked. But if the evidence that plaintiff administratrix was a sister of deceased had gone in without objection, still the rule referred to could not be invoked in the present case. That deceased left, surviving, heirs capable of inheriting under the statute of descent and distribution was an essential fact necessary to be found in order for plaintiff to recover, and plaintiff's instructions authorized a verdict without a finding as to that fact. [Titus v. Delano (Mo.), 210 S. W. 44.] An attack on a petition after verdict is unavailable unless the petition wholly fails to state a cause of action. [Sec. 774, R. S. 1929, Mo. Stat. Ann., sec. 774, p. 1010; Brock v. Mobile & O. Railroad Co., 330 Mo. 918, 51 S. W. (2d) 100; Colvin v. Gideon & N. I. Railroad Co. (Mo. App.), 200 S. W. 715.] The question, therefore, is: Does the petition wholly fail to state a cause of action, because of the absent allegation above mentioned? The answer is that it so fails. It was so held in Kirk v. Wabash Ry. Co., 265 Mo. 341, 177 S. W. 592; Johnson v. Dixie Mining & Development Co. (Mo.), 187 S. W. 1; Troll, Admr., v. Laclede Gas Light Company, 182 Mo. App. 600, 169 S. W. 337; Garbee, Admr., v. St. Louis-S. F. Ry. Co., 220 Mo. App. 1245, 290 S. W. 655; Colvin v. Gideon & N. I. Railroad Co., supra.

In Colvin v. Gideon & N. I. Railroad Company, and Titus v. Delano, supra, where the question we now have was ruled, the judgment was not reversed outright, but reversed and the cause remanded, and it is stated in the Colvin case that "the petition may yet be amended," following O'Toole v. Lowenstein, 177 Mo. App. 662, l. c. 665, 160 S. W. 1016. The O'Toole case was in trover as for conversion and the petition failed to allege that the plaintiff was in possession or entitled to possession of the property at the time of the alleged conversion. No demurrer was filed, and it was contended that the defect in the petition was waived where not attacked until after verdict. It was pointed out by NORTONI, J., who wrote the opinion in that case that what is now Section 774, Revised Statutes 1929 (Mo. Stat. Ann., sec. 774, p. 1010), "pointedly provides the objection that the petition does not state facts sufficient to constitute a cause of action shall not be regarded as waived by the omission to demur thereto." The judgment was reversed and the cause remanded with leave to amend the petition. In the Titus case the judgment was reversed and the cause remanded, but nothing was said about amending petition. However, the right to amend must have been implied, because if not, the remanding would have been useless.

It is our conclusion in the present case that the judgment should

be reversed and the cause remanded with leave to plaintiff to amend if desired, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARDLEY, C., is adopted as the opinion of the court. All the judges concur.