Donald Martin, Administrator *de bonis non* of the Estate of Albert Ray Martin, Appellant, v. Southwestern Bell Telephone Company, a Corporation.—125 S. W. (2d) 19.

Division Two, February 21, 1939.

*Roy D. Williams* and *W. W. Carpenter, Jr.,* for appellant.

*Arthur S. Brewster, John H. Windsor* and *E. W. Clausen* for respondent; *S. L. Harris* of counsel.

84

WESTHUES, C.—Plaintiff filed a petition in the Circuit Court of Cooper County seeking to recover the sum of $10,000 damages from the defendant for the alleged wrongful death of Albert Ray Martin. The respondent corporation filed a general demurrer to the plaintiff's petition which the trial court sustained. Plaintiff declined to plead further and judgment was entered against him, whereupon he appealed.

An opinion in this case was adopted at the May Term, 1938, reversing the judgment of the trial court and remanding the case for trial. The respondent filed a motion for rehearing which the court sustained and the case was resubmitted in January, 1939. A point now briefed by respondent, which was not briefed on the former submission, is, that the petition did not state that the deceased, Albert Ray Martin, left anyone surviving him who was capable of inheriting, and failed to allege the names of any beneficiaries for whom the action was being prosecuted. It is asserted that this failure rendered the petition fatally insufficient. This court has

so ruled on numerous occasions. We will dispose of the point by quoting from a recent case. See Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S. W. (2d) 337, where this identical question was before Division One of this court. Note what the court said:

"The petition, among other things, alleges that deceased, at the time of her death, 'was single and unmarried and was not a minor, and left no widower, minor child or children, either natural born or adopted,' but did not allege that she left, surviving, heirs capable of inheriting under the laws of descent and distribution. The petition at the trial was not attacked, and defendant answered by a general denial. Because of the absent allegation, defendant contends that the petition wholly fails to state a cause of action. It was shown at the trial, over objection and exception, however, that plaintiff administratrix was a sister of deceased. Since this evidence went in over objection and exception, the rule, that the petition will be considered as amended to conform to the evidence when no objection is made, cannot be invoked. But if the evidence that plaintiff administratrix was a sister of deceased had gone in without objection, still the rule referred to could not be invoked in the present case. That deceased left, surviving, heirs capable of inheriting under the statute of descent and distribution, was an essential fact necessary to be found in order for plaintiff to recover, and plaintiff's instructions authorized a verdict without a finding as to that fact. [Titus v. Delano et al. (Mo.), 210 S. W. 44.] An attack on a petition after verdict is unavailable unless the petition wholly fails to state a cause of action. [Sec. 774, R. S. 1929, Mo. Stat. Ann., sec. 774, p. 1010; Brock v. Mobile & O. Railroad Co., 330 Mo. 918, 51 S. W. (2d) 100; Colvin v. Gideon & N. I. Railroad Co. (Mo. App.), 200 S. W. 715, 718.] The question, therefore, is: Does the petition wholly fail to state a cause of action, because of the absent allegation above mentioned? The answer is that it so fails. It was so held in Kirk v. Wabash Ry. Co., 265 Mo. 341, 177 S. W. 592; Johnson v. Dixie Mining & Development Co. (Mo.), 187 S. W. 1; Troll, Admr., v. Laclede Gas Light Co., 182 Mo. App. 600, 169 S. W. 337; Garbee, Admr., v. St. Louis-S. F. Ry. Co., 220 Mo. App. 1245, 290 S. W. 655; Colvin v. Gideon & N. I. Railroad Company, supra."

Appellant, however, argues that respondent waived this point because it was not briefed on the first submission of this case. To this we cannot agree. This court may rightfully refuse to grant a rehearing on a point that was not briefed, but when a rehearing has been granted the case stands on the docket as though it had not been heard. The parties may then brief any point preserved for review, even though not mentioned on the first submission. This court so ruled in Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026, l. c. 1030(2). The court there said:

. "Nor can we agree with Anderson's further contention that on the rehearing Sutton must be deemed to have waived all points not urged at the first hearing. This court ruled to the contrary as early as Danforth v. Ry. Co., 123 Mo. 196, 205, 27 S. W. 715."

This was reaffirmed by the court en banc in Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S. W. (2d) 548, l. c. 555 (17).

■ Again, appellant urges that even though the petition was fatally defective in the respect mentioned the case should be remanded to permit appellant to amend his petition. In support of this contention appellant cites O'Donnell v. Wells, 323 Mo. 1170, 21 S. W. (2d) 762; Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S. W. (2d) 337, l. c. 338. In each of these cases the plaintiff had prevailed in the circuit court. The judgment was reversed because plaintiff's petition was fatally defective. It was held plaintiff could amend his petition before a retrial. In this case the record shows that defendant's demurrer was sustained and that plaintiff declined to plead further, whereupon judgment was entered against him. If that ruling of the trial court was justified and correct, then we are not authorized to set it aside. Plaintiff was given an opportunity to amend his petition and declined to do so. It is now too late, because the final judgment entered in the trial court was in harmony with the law and therefore cannot be reversed or set aside on appeal. The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.