I adhere to my original opinion in this case except for the direction to the Circuit Judge to allow the plaintiff a reasonable length of time within which to amend her declaration.
Sympathy, when appropriately evoked, is one of the greatest of human virtues. There are times and occasions, however, when its exercise is injudicious. In directing the Circuit Judge to allow another opportunity to the plaintiff to amend, the writer committed error. He was motivated by a sympathetic appreciation of the harsh result to the plaintiff to which reference is made in the majority opinion on rehearing.
The instant case is a tort action on the law side of the court. The inflexible rules of the common law sometimes produce harsh and inequitable consequences. However, the plaintiff was granted, by the Circuit Judge, an opportunity to cause her declaration to meet the rigid, technical requirements of the law. She elected to stand upon her pleading as drawn and thus was responsible for her own plight. She permitted final judgment to be entered against her and if said final judgment is affirmed by this Court we are without authority or power on appeal to set it aside and direct the lower court to grant again *Page 134 
to the plaintiff the privilege of amendment. See Martin v. Southwestern Bell Telephone Co., 344 Mo. 83, 125 S.W.2d 19; State for use of Netterville v. Junkin et al., Miss., 159 So. 864.
The declaration now before us is either sufficient or fatally defective. It is my opinion that the declaration fails to lay a legally sufficient predicate for damages. As I endeavored to point out in the original opinion in this case, there is no positive, direct allegation that the lacquer used by the defendant upon the plaintiff's hair was or is injurious to the human scalp. It is elementary that the allegata and probata must meet and correspond. Can it be said upon a trial of this case the plaintiff could prove "that the defendant knew, or by the exercise of reasonable care and diligence ought to have known, that the said lacquer would, if allowed to come into contact with the scalp, have a harmful and injurious effect thereon and would thereby injure and harm the hair by reason of its effect upon the scalp" without first proving as a matter of fact that the lacquer was in and of itself injurious if allowed to come into contact with the scalp? To pose the query is to solve it. Obviously, it is impossible to prove a person knew or should have known a suggested fact without first assuming or establishing the existence of such fact. Certainly, it is not a self-evident fact, nor (as it will be demonstrated hereinafter) a necessary implication that the lacquer was or is injurious per se and that it will injure the scalp and hair upon coming into contact with the scalp. It is not a matter of common knowledge of which the Court will take judicial notice. It follows that the plaintiff has omitted to allege a material ultimate fact.
Moreover, plaintiff's allegation that the defendant permitted the lacquer on many and divers occasions over a period of years to-wit: 1945, 1946 and the first four months of 1947, to come into contact with plaintiff's scalp negatives the idea that the lacquer is injurious when it touches the scalp. The declaration should show clearly that the lacquer is injurious to the human scalp upon contact or that it is damaging upon repeated contacts which were made and that such repeated contacts produced the harmful results. Which position does plaintiff take? Neither is definitely or sufficiently set forth in the declaration under attack. On demurrer no implication, presumption or intendment is indulged in favor of the pleader. The declaration should be construed most strongly against the plaintiff. See State ex rel. Dillman v. George W. Tedder, Circuit Judge, 123 Fla. 188,166 So. 590; Hernandez v. Pensacola Coach Corporation, 141 Fla. 441,193 So. 555. The allegation concerning repeated contacts over a period of two years and four months also makes impossible the application of the theory of "necessary implication" if indeed such postulate may be invoked in a situation such as is presented here. It finds its most frequent application in the construction of statutes and wills and the writer has failed to find its use approved in connection with the construction of pleadings at law. It is doubtful that it would be indulged if the declaration be construed most strongly against the plaintiff. The term "necessary implication" has been defined as meaning an implication which results from so strong a probability of intention that an intention contrary to that imputed cannot be supposed. 42 C.J.S., page 405, and cases there cited. It cannot be said it is a necessary implication that the lacquer is injurious per se and upon contact will damage the scalp and hair in the face of the allegation which infers that the negligence in permitting repeated contacts produced the injury of which plaintiff complains.
It is suggested the allegation "that the defendant so carelessly and negligently applied said lacquer to plaintiff's hair that the same on many and divers occasions came into contact with her scalp and did thereby permanently injure plaintiff's hair and scalp" is sufficient to withstand the attack visited upon the declaration by demurrer. This contention might be well founded but for the fact that the plaintiff in and by said allegation definitely and clearly defines carelessness and negligence as being the act of permitting the lacquer to come into contact with plaintiff's scalp, which brings us back inevitably, to the question of whether the lacquer was a harmful substance which would injure the *Page 135 
scalp by coming into contact with it on a single or several occasions.
If this declaration is sufficient absent an allegation that the lacquer which was used on plaintiff's hair was injurious to thehuman scalp upon one or many contacts, then the plaintiff, in a case such as this, might collect damages when in truth and in fact the injury resulted not from a careless and negligent application of an ordinarily innocuous preparation but because of the plaintiff's scalp being sensitive or allergic to such substance. In such an event the allergy should have been made known to the defendant by the plaintiff before the original treatment of plaintiff's hair and if the conjecture concerning an allergy is incorrect the plaintiff should allege that the lacquer is injurious per se to the human scalp. My position in the instant case if adopted might work a "harsh result" upon the plaintiff but, as aforementioned, I consider it self-imposed. To my mind this "harsh result" pales into insignificance compared to the seriousness of discarding the time-honored rule that a pleading must be construed most strongly against the pleader. It is my judgment that the majority opinion on rehearing, in effect, does discard such canon.
It is true the law is not an exact science but that degree of certainty and uniformity which has been established should be adhered to religiously. This is essential for many reasons, not the least of which is the fact that lawyers should be in a position to advise their clients with some degree of confidence and the judges of the lower courts should be able to act with reasonable assurance that rules of procedure at common law, laid down for their guidance, and equitable principles will remain constant and will not be applied interchangeably. There is developing among courts of last resort a marked tendency toward liberality in considering common law pleadings. The motivating influence is described as an earnest desire to administer simple justice. It cannot be gainsaid that this objective is both worthy and admirable. However, I stand firm in the belief that this method of approach to that righteous end is imprudent if, indeed, it is not a flagrant violation of established principles which have withstood, with an enviable degree of approbation, the ravages of time. If it should be deemed advisable to nullify the distinction between law and equity (which is preserved by our Constitution) and direct our courts to apply equitable principles to common law actions, such innovation should be accomplished by Constitutional Amendment and not by judicial fiat.
The Circuit Judge ruled correctly in sustaining the demurrer and in entering final judgment against the plaintiff upon her refusal to accept the privilege of amendment. His action should be sustained, if for no other reason, because it is not shown that the final judgment which he entered was clearly erroneous, although it may offend one or more of the canons of the ancient Ecclesiastical Courts of England, or the conscience of a modern Chancellor. Spears v. Holloway, 141 Fla. 684, 193 So. 771; Hines v. State, 142 Fla. 517, 195 So. 160; and City of Miami v. State ex rel. Blackwell, 147 Fla. 128, 2 So.2d 381.
THOMAS, C.J., and SEBRING, J., concur.