261 S.W.2d 521 (1953)
LYNCH
v.
ST. LOUIS PUBLIC SERVICE CO.
No. 28637.
St. Louis Court of Appeals. Missouri.
October 20, 1953.
Rehearing Denied November 13, 1953.
*522 Mattingly, Boas & Richards, Lloyd E. Boas, St. Louis, for appellant.
Miller & Landau, St. Louis, Louis L. Hicks, Clayton, for respondent.
WOLFE, Commissioner.
This is an action to recover damages for the death of Dolly Sertier. Her administratrix seeks recovery under the compensatory section of the Wrongful Death Statute. The deceased died shortly after having been struck by a bus operated by the defendant. The trial resulted in a verdict and judgment for the plaintiff in the sum of $7,500 and the defendant prosecutes this appeal.
Dolly Sertier was struck by the defendant's bus at the intersection of Sixth Street and Washington Avenue in the City of St. Louis. Sixth Street runs north and south and Washington Avenue runs east and west. Both thoroughfares carry much traffic and the intersection is a busy one. On January 16, 1951, at about 4:30 p. m., Dolly Sertier attempted to go northwardly across Washington Avenue from the southwest corner of the intersection. There were two police officers directing traffic.
According to the evidence submitted by the plaintiff, particularly the testimony of a Mrs. Humphrey, Dolly Sertier started to cross when the flow of traffic was moving north and south on Sixth Street. At this time the defendant's bus was stopped on the south side of Washington Avenue about six feet north of the curb, ready to proceed eastwardly across Sixth Street upon a change in the direction of traffic. The bus started while Dolly Sertier was attempting to pass in front of it and the front part of the bus struck her knocking her to the street, inflicting upon her the injuries which, shortly, resulted in her death.
*523 There was considerable evidence on behalf of the defendant to the effect that the police officer had signaled for the north and southbound traffic on Sixth Street to stop and for the traffic on Washington Avenue to proceed eastwardly before Dolly Sertier started to cross and that she ran into the side of the bus as it was proceeding eastwardly.
The administratrix, Virginia Lynch, was one of two daughters of the deceased. Mrs. Lynch testified that she was a widow employed by a dress manufacturing company and that she was the mother of three children, all of whom were minors. She said that her mother was seventy-two years of age and was not living with her at the time of her death. She was permitted to testify that during her lifetime her mother had contributed to her support and the support of the three children and had purchased clothing and furnished housing for them. She testified that her mother took the children to church occasionally. She also said that her mother was not employed but did serve as a baby sitter at times.
The plaintiff's petition alleges that she is the duly appointed and acting administratrix of the estate of Dolly C. Sertier, deceased, and that the deceased was not survived by a husband or any minor children. It also recites that Dolly Sertier was struck by a bus operated by the defendant with such force as to inflict fatal injuries upon her, and numerous assignments of negligence are alleged. The petition concludes with a demand for a judgment in the sum of $15,000.
The first error asserted goes to the petition and charges that it is fatally defective for the reason that it fails to plead "the necessary elements of dependency and pecuniary loss". This action was brought under Sections 537.080 and 537.090 RSMo 1949, V.A.M.S. These sections, when read in connection with Section 537.070, give a cause of action for wrongful death, first to the surviving husband or wife, next to the surviving minor children, third to surviving parents of an unmarried deceased minor child, and in the absence of any of these classes of survivors an administrator may sue for the next of kin. The right of the administrator to sue under the statute was discussed by this court in Troll v. Laclede Gas Light Co., 182 Mo.App. 600, 169 S.W. 337, 340, wherein Judge Allen, speaking for the court, stated:
"It seems clear that the statute does not contemplate the right of action by an administrator where there are no known persons capable of receiving the amount to be recovered and for whose benefit the action may be prosecuted under the statute, and that the existence of such beneficiaries must be alleged and proved."
The sections are designed to compensate a dependent for his or her loss and section 537.090 provides that damages shall be awarded with reference to the "necessary injury" resulting from the death. There is no allegation in the petition as to the existence of anyone entitled to compensation under the statute and neither is there any allegation that anyone suffered a pecuniary loss by reason of the death of Dolly Sertier. Both of these are elements essential to the action when it is brought by an administrator under this statute. When the petition lacks them it is fatally defective. Price v. Schnitker, 361 Mo. 1179, 239 S.W.2d 296; Martin v. Southwestern Bell Telephone Co., 344 Mo. 83, 125 S.W.2d 19; Wente v. Shaver, 350 Mo. 1143, 169 S. W.2d 947, 145 A.L.R. 1176; Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S.W. 2d 337.
The reason that such a petition is fatally defective is that the statute under which the action was brought creates a liability which did not exist at common law and the courts will consequently confine the relief afforded by it to those that the statute distinctly contemplates as beneficiaries. The question is jurisdictional and the administratrix must both by pleading and proof establish her right to recover under the statute. Troll v. Laclede Gas Light Co., supra; Chandler v. Chicago & Alton R. Co., 251 Mo. 592, 158 S.W. 35; Barker v. *524 Hannibal & St. Joseph Ry. Co., 91 Mo. 86, 14 S.W. 280; O'Donnell v. Wells, 323 Mo. 1170, 21 S.W.2d 762.
The respondent insists that her petition must be considered good under Section 509.500 RSMo 1949, V.A.M.S., particularly the first part, which reads: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." This statute has no application to the situation before us, for, as stated above, the necessary allegations that the petition lacks are jurisdictional. Gooding v. Gooding, 239 Mo.App. 1000, 197 S.W.2d 984; Phelps v. Phelps, Mo.App., 246 S.W.2d 838.
The case must be reversed because of the insufficiency of the petition, but since the petition may be amended to bring it within the statute relied upon the case should be remanded. Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947; Lee v. St. Louis Public Service Co., 337 Mo. 1169, 88 S.W.2d 337; O'Donnell v. Wells, 323 Mo. 1170, 21 S.W.2d 762.
This brings us to a consideration of other points raised which may again be present upon retrial, and one of these is that there was no substantial evidence that the defendant's failure to keep a lookout was the proximate cause of the death of Dolly Sertier. This was the assignment of negligence upon which the case was submitted. Viewing the evidence in the light most favorable to the plaintiff, as we are obliged to do on this point, it does not appear that appellant's contention is sustained by the evidence.
There was testimony that the bus driver did not see Dolly Sertier as she started to cross in front of his bus and evidence that she was proceeding northwardly as the traffic was being directed in that direction by the police officer. This was sufficient to make a case for the jury despite much evidence to the contrary and the same facts dispose of appellant's claim that Dolly Sertier was guilty of contributory negligence as a matter of law.
Another point raised in relation to the insufficiency of the evidence is that there was a failure to prove that any pecuniary loss was sustained by the heirs at law of the deceased Dolly Sertier. The evidence on that score was most vague and general. The plaintiff was permitted to testify that in the ten years prior to her death and during her lifetime, the deceased had furnished certain help to plaintiff and her children, and that the children of the plaintiff had no support other than what they received from their mother and grandmother. There is no evidence of any kind touching upon the nature or amount of assistance that plaintiff was receiving immediately before the death of her mother. As to the income of the deceased or her financial worth, all that is disclosed is that she was seventy-two years old and unemployed except that she occasionally acted as a baby sitter for her neighbors, and whether or not this was for pay or was a mere gratuity is not disclosed. It seems obvious that the only loss sustained by a dependent because of the death of the benefactor is the value of the aid enjoyed at the time of the death and terminated by it, plus of course the value of such future aid as might have been reasonably anticipated. This cannot be determined by what the deceased did during her lifetime, nor in the years preceding her death, for the extent of dependency and the amount of aid changes with the years, and evidence of remote past assistance constitutes no evidence of present aid nor any guage for the amount that might be anticipated in the future. As stated in Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, loc. cit. 954:
"Recovery will not be sustained for the death of an adult, where there is no evidence that the beneficiary was receiving any pecuniary benefits from the deceased at the time of his death." (Emphasis ours.)
In view of this, the evidence, upon retrial, should be restricted to those benefits flowing from Dolly Sertier to her daughter immediately prior to her death.
It is asserted that the following testimony was erroneously received. Plaintiff *525 was asked if her mother assisted in any part of the religious and personal education of the children, to which she answered, "What do you mean by that? * * *
"Q. Well, did she teach them prayers or see that they go to church, or things of that sort? A. Well, yes, she taught them religion and they would go to church, if that is what you mean.
"Q. Did she take them to church? Did you go to church with them? A. Occasionally."
The assistance in training the children may have been of pecuniary benefit to the plaintiff, but it must also relate to the time deceased died. Plaintiff's children were, respectively, nine, eleven, and twelve years of age at the time of their grandmother's death, and it would appear that their religious training had suffered considerable delay if at these ages they were being taught their prayers. The contention is that the evidence was injected not for the purpose of showing any pecuniary loss but to arouse the sympathy of the jurors. It appears that the point was well taken and the objection to the evidence should have been sustained by the court. By this we do not mean to say that such training and assistance, if it was actually being given by the grandmother immediately prior to her death, could not be considered as an element of loss.
A point is raised in reference to the admissibility of certain portions of the hospital record which the court saw fit to exclude when offered by the defendant. The plaintiff had previously introduced the record and if she wished to exclude a portion of it she should have made known to the court at the time that she was questioning the reliability of certain parts of the record that appeared to be hearsay; then the court should have determined whether or not such portions were admissible. To further elaborate on that point is scarcely necessary as the whole subject of the admission in evidence of hospital records has received clear and exhaustive treatment by the Supreme Court in Melton v. St. Louis Public Service Co., 251 S.W.2d 663, loc.cit. 666, and Gray v. St. Louis-San Francisco Ry. Co., Mo.Sup., 254 S.W.2d 577.
It is contended that the main verdict-directing instruction is erroneous in that there was no evidence to support it. But what we have said in relation to the sufficiency of the evidence to make a submissible case fully covers this, and it appears that the point is not well taken. The instruction, however, is erroneous in that it fails to require a finding that there were surviving dependent heirs at law and it should not again be used in its present form.
Plaintiff's counsel in his closing argument made remarks that the defendant contends were inflammatory and designed to arouse prejudice. It would be purely academic to discuss these remarks since the case must be retried, but counsel did go beyond any issue in the case and was not within the latitude allowed in argument. This should not be repeated upon retrial. Wood v. St. Louis Public Service Co., 362 Mo. 1103, 246 S.W.2d 807; Jackson v. Farmers Union Livestock Commission, 238 Mo.App. 449, 181 S.W.2d 211.
It is also contended that the verdict is excessive. This we need not consider as the case must be retried and a new verdict reached upon proper evidence.
For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly reversed and the cause remanded.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.